IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIMOTHY MICHAEL COLUMBARE, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-297-B-BK |
| | § | |
| SOUTHWEST AIRLINES, CO., | § | |
| DEFENDANT. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, before the Court for the issuance of findings and a recommended disposition is *Defendant Southwest Airlines Co.'s Motion to Dismiss*. Doc. 11. For the reasons stated here, the motion should be **GRANTED**.

**I. PROCEDURAL HISTORY**

Plaintiff filed this *pro se* action in February 2021, alleging he was wrongfully removed from a Southwest Airlines flight and charged with various crimes of which he was ultimately acquitted. Doc. 3 *passim*. Plaintiff's complaint and a second "civil rights" complaint he appended to it total more than 240 pages—single-spaced, no less. Doc. 3; Doc. 3-2 at 45-90. Additionally, Plaintiff attached 66 exhibits to his complaint which themselves exceed 800 pages. Doc. 3-3, *et seq*. Defendant now moves to dismiss Plaintiff's case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 11.

**II. APPLICABLE LAW**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The analysis begins with the court's consideration of

whether a party has complied with Rule 8 of the Federal Rules of Civil Procedure. *Bell Atl. Corp.*, 550 U.S. at 557 (noting that (Rule 12(b)(6)'s plausibility element derives from the threshold requirement of Rule 8(a) that the complaint "possess enough heft" to show that the pleader is entitled to relief) (cleaned up). Specifically, Rule 8 requires that a complaint (1) set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" and (2) be "simple, concise and direct." FED. R. CIV. P. 8(a), (d). This serves two purposes. First, "to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (citation omitted). Second, "so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Hall v. Civ. Air Patrol, Inc.*, 193 Fed. Appx. 298, 299-300 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). As aptly noted in *Garst*, "[f]ederal judges have better things to do, and the substantial subsidy of litigation . . . should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." 328 F.3d at 378.

### III. ANALYSIS

As relevant here, Defendant asserts Plaintiff's complaint does not comply with Rule 8(a), pointing to the length of the complaint and voluminous attachments, Plaintiff's "stream-of-consciousness diatribe," and the complaint's generally confusing and poor organization. Doc. 12 at 6-7, 12-13. Predictably, Plaintiff disagrees with this appraisal of his complaint. Doc. 15 at 11-13.

Upon consideration of the law, the pleadings, and the parties' arguments, the Court concurs with Defendant's assessment in full. First, Plaintiff's complaint is far longer than necessary to cogently state a legal claim. It is repetitive, redundant, prolix, and scattershot in approach. Additionally, it contains immaterial information, *i.e.* lengthy references to and quotes

from various handbooks, articles, regulations, transcripts, and caselaw. Such material has little place in a federal civil complaint. *Hall*, 193 Fed. Appx at 299-300. Compounding matters, the complaint is also disjointed, rambling, and disorganized, and the attached exhibits are almost entirely tangential at this early stage of the proceedings. In sum, neither Defendant nor the Court can be expected to dig through Plaintiff's complaint to discern any relevant facts and their connection to his causes of action. *Id.* Thus, Defendant is entitled to dismissal of Plaintiff's complaint.

### IV. LEAVE TO AMEND

While a court may dismiss a claim that fails to meet the applicable pleading requirements, "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000); *see also Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) ("[A] *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed."); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) (holding that dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified).

Plaintiff, who is *pro se*, has not previously been granted leave to amend and should be permitted to replead. Thus, if this recommendation is accepted, Plaintiff should be given the opportunity to file an amended complaint—with some restrictions. Specifically, Plaintiff should be permitted to file a single amended complaint no longer than 25 double-spaced pages. Any supporting appendices and exhibits Plaintiff wishes to attach should not exceed 50 pages. *See Cesarani v. Graham*, 25 F.3d 1044, at *2 (5th Cir. 1994) (unpublished) (affirming dismissal of *pro se* amended complaint which, at 58 pages, exceeded the district judge's 20-page restriction).

**V.    CONCLUSION**

For the foregoing reasons, Defendant's *Motion to Dismiss*, Doc. 11, should be **GRANTED**.

**SO RECOMMENDED** on January 21, 2022.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14days).